## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Gay S. Olin

v.

Jerry O. Olin

April 24, 1968

Case No. A-9123

By JUDGE A. CHRISTIAN COMPTON

Attached you will find a copy of the order entered today which dismisses the Rule to show cause issued against the defendant and which dismisses this cause from the docket. The sketch for the order tendered by counsel for the defendant at the hearing on March 26, 1968, has been marked "refused" and placed in the file with the defendant's exception noted thereon.

In its decree of April 14, 1967, awarding the plaintiff a divorce from the bond of matrimony on the ground of adultery by the defendant, this Court awarded custody of the two children of the parties to the plaintiff and ordered the defendant to pay to the plaintiff for the support of the children the sum of $41.00 per week. This decree further provided that:

> On motion of the parties, this Court doth divest itself of further jurisdiction concerning future questions of custody and support of the said children with leave to plaintiff or defendant to proceed in the appropriate Juvenile and Domestic Relations Court regarding such questions.

This decree also provided that "the cause be stricken from the docket and placed among the ended causes."

About four and one-half months later on September 1, 1967, upon motion of the plaintiff, an order was entered providing that "this cause be reinstated on the docket of this court" and the defendant was ordered to appear on a future specified date to show cause why he should not be found in contempt of court for his failure to pay the aforesaid support payments.

The defendant appeared in person and without counsel in response to the Rule to show cause on September 25, 1967. He made no objection to the reinstatement of the cause on the docket. Following a hearing of the evidence, the defendant was found guilty of contempt of court and his sentencing was postponed to November 27, 1967. On that day the defendant came again without counsel and the matter was postponed again to February 27, 1968, after a hearing.

On February 27, 1968, the defendant came again in person and was represented by counsel. After the hearing, the defendant's motion to dismiss the Rule was overruled and the Court refused to enter an order submitted by the defendant which made note of the part of the final decree of divorce relating to the divestiture of jurisdiction.

The matter was continued to March 26, 1968, and the evidence showed that the defendant was current in the payment of child support.

Counsel for the defendant stated that "several months ago," the defendant had filed a petition in the Juvenile and Domestic Relations Court of Henrico County seeking custody of the two infant children of the parties.

In addition to claiming that this Court had no jurisdiction to entertain the questions arising under the Rule to show cause, the defendant also asserts that this Court has "lost its jurisdiction over all questions of future custody of, and support for the children of the parties." It is argued relying on Rule 2:22 that the decree of April 14, 1967, has become final and that this Court has no power to consider "future questions of custody and support of the said children."

The plaintiff maintains that the Court had jurisdiction to entertain the questions raised under the Rule to show cause and she further maintains that because the

Court has reinstated this cause on its docket in the order of September 1, 1967 (this being before the defendant's petition to change custody was filed in the Henrico Court), it should now continue to exercise its jurisdiction as to questions relating both to the payment of support and change of custody.

Even though the first question raised by the defendant has become moot because the defendant has purged himself of his contempt, the Court will address itself to the issues raised by counsel.

These issues are resolved by the determination of the nature of this proceeding which began with the order of September 1, 1967. The decree of April 14, 1967, had become final but this did not deprive the Court of the power and authority thereafter to enforce its mandate by a contempt proceeding as a result of the failure of the defendant to pay the amounts ordered for child support. *Eddins* v. *Eddins*, 188 Va. 511, 521 (1948). As pointed out in *Eddins*, "technically the reinstatement of the cause on the docket for the purpose stated was not proper nor was it necessary . . . but this did not vitiate the . . . proceeding." 188 Va. 521, 522. The contempt proceeding is not a procedure *in* the cause but one *beyond* the cause for the enforcement of the decree. It is a proceeding ancillary to and in support of the divorce suit and its decrees. *Lindsey* v. *Lindsey*, 158 Va. 647, 652 (1932); *Rinehart & Dennis Co.* v. *McArthur*, 123 Va. 556, 563 (1918); *Cocke* v. *Gilpin*, 40 Va. (1 Rob.) 20, 28 (1842). There fore Rule 2:22 relating to the finality of decrees has no application to this ancillary proceeding of contempt which is captioned under the style of the divorce suit but is *beyond* and in support of that suit and is to enforce the order requiring the payment of money by the defendant. See also *Lile's Equity Pleading and Practice*, 3d Ed. (1952), Section 172, p. 99.

Since it was improper for the divorce suit to have been reinstated on the docket and since this proceeding beginning with the Rule to show cause issued on September 1, 1967, was ancillary to and *beyond* the divorce suit, and has been treated as such for the above reasons, this Court does not reach the other question raised by the parties which is whether the Court can reassert its jurisdiction to entertain a petition for the change of custody

of the children. There is no petition pending in this Court *in the divorce suit* which seeks an alteration or revision of the terms of the decree of April 14, 1967. Code Section 20-108. When the instant proceedings began on September 1, 1967, the plaintiff merely represented to the Court "that the defendant has failed to comply with the . . . decree . . . dated April 14, 1967, and that he is in arrears in his support money." No request was made by the plaintiff for this Court to modify the terms of the final decree with reference to the amount of support or the visitation rights. While the plaintiff moved the Court "to reinstate this cause on the docket," the clear purpose for the request for reinstatement was to have the Court *enforce* its prior decree rather than *alter* it. Furthermore, the defendant has filed his petition in Henrico County. So, as stated, the question of whether this Court can reassert jurisdiction over these matters is not before this Court.

In view of what has been said above, the Rule is dismissed and the proceeding is stricken from the docket.